THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL JARED HARRIS | ) | No. CR17-055RSL |
| Petitioner, | ) | |
| | ) | MOTION TO VACATE JUDGMENT |
| v. | ) | UNDER 28 U.S.C. § 2255 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Michael Harris, through Assistant Federal Public Defender Vanessa Pai-Thompson, moves to vacate his conviction and set aside the judgment in this case pursuant to 28 U.S.C. § 2255. As explained below, Mr. Harris is actually innocent of the offense and his guilty plea under 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, __ U.S.__, 139 S. Ct. 2191 (2019).

**I.   Custody Status**

Mr. Harris has been released from prison and is now serving the supervised release portion of his sentence. His three-year term of supervision commenced on November 16, 2018.

**II.   Procedural History**

1. (a) Name and location of court that entered judgment: United States District Court for the Western District of Washington; Seattle, Washington.

(b) Case number: CR17-055RSL

MOTION TO VACATE JUDGMENT
UNDER 28 U.S.C. § 2255
(*Michael Jared Harris v. USA*; CR17-055RSL) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

2.     (a) Date of judgment: November 28, 2017

       (b) Date of sentencing: November 28, 2017

3.     Length of sentence: 30 months in custody, 3 years of supervised release.

4.     Nature of crime (all counts): possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1).

5.     What was your plea: Guilty.

6.     Did you have trial by judge or jury: No.

7.     Did you testify at pretrial hearing, trial, or post-trial hearing: No.

8.     Did you appeal from judgment: No.

9.     If you appealed, answer:

       (a) Name of court: N/A

       (b) Docket or case number: N/A

       (c) Result: N/A

       (d) Date of result: N/A

       (e) Citation to case: N/A

       (f) Grounds raised: N/A

       (g) Did you file a petition for certiorari to the U.S. Supreme Court: N/A

           If yes, answer the following:

           (i) Docket or case number: N/A

           (ii) Result: N/A

           (iii) Date of result: N/A

           (iv) Citation to case: N/A

           (v) Grounds raised: N/A

10.    Other than direct appeals listed above, have you previously filed other motions, petitions, or applications concerning this judgment in any court: No.

11.    (a) If your answer to Question 10 was yes, provide the following information:

MOTION TO VACATE JUDGMENT
UNDER 28 U.S.C. § 2255
(*Michael Jared Harris v. USA*; CR17-055RSL) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

        (i) Name of court: N/A

        (ii) Docket or case number: N/A

        (iii) Date of filing: N/A

        (iv) Nature of proceeding: N/A

        (v) Grounds raised: N/A

        (vi) Did you receive a hearing where evidence was given on your motion, petition, or application: N/A

        (vii) Result: N/A

        (viii) Date of result: N/A

    (b)    If you filed any second motion, petition, or application, give the same information:

        (i) Name of court: N/A

        (ii) Docket or case number: N/A

        (iii) Date of filing: N/A

        (iv) Nature of proceeding: N/A

        (v) Grounds raised: N/A

        (vi) Did you receive a hearing where evidence was given on your motion, petition, or application: N/A

        (vii) Result: N/A

        (viii) Date of result: N/A

    (c)    Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application: N/A

        (i) First petition: N/A

        (ii) Second petition: N/A

    (d)    If you did not appeal from the action on any motion, petition, or application, explain briefly why not: N/A

MOTION TO VACATE JUDGMENT
UNDER 28 U.S.C. § 2255
(*Michael Jared Harris v. USA*; CR17-055RSL) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. State the facts supporting each ground.

### III. Ground One: Mr. Harris's Guilty Plea Was Not Knowing and Intelligent in Violation of the Fifth Amendment's Due Process Clause and Fed. R. Crim. P. 11(b)(G).

#### A. The Supreme Court abrogated longstanding Ninth Circuit precedent by expanding the knowledge requirement in 18 U.S.C. § 922(g).

18 U.S.C. § 922(g) provides that "[i]t shall be unlawful" for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition. In *Rehaif*, the Supreme Court held that the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. In other words, an individual is not guilty of a 18 U.S.C. § 922(g) offense unless he had knowledge of his prohibited status within one of the nine categories under the statute at the time he possessed a firearm.

In so holding, *Rehaif* abrogated longstanding Ninth Circuit precedent (as well as that of every federal court of appeals) holding that a defendant's knowledge of his prohibited status is not an element of a 18 U.S.C. § 922(g) offense. *See United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003) (citing *United States v. Miller*, 327 F.3d 788 (9th Cir. 1997)); *see also United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc); *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012); *United States v. Games-Perez*, 667 F.3d 1136, 1142 (10th Cir. 2012); *United States v. Rose,* 587 F.3d 695, 705-06 & n.9 (5th Cir. 2009); *United States v. Bryant*, 523 F.3d 349, 354 (D.C. Cir. 2008); *United States v. Olender*, 338 F.3d 629, 637 (6th Cir. 2003); *United States v. Lane*, 267 F.3d 715, 720 (7th Cir. 2001); *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999);

MOTION TO VACATE JUDGMENT
UNDER 28 U.S.C. § 2255
(*Michael Jared Harris v. USA*; CR17-055RSL) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

*Jackson v. United States*, 120 F.3d 1226 (11th Cir. 1997); *United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991).

### B.   *Rehaif* voids Mr. Harris's 18 U.S.C. § 922(g) conviction.

*Rehaif* now voids Mr. Harris's guilty plea because the Court accepted it without advising him of the element requiring knowledge of his or her prohibited status under 18 U.S.C. § 922(g). Because the Court failed to advise Mr. Harris of an element of the offense to which he pleaded guilty, the plea was not knowingly and intelligently made, and in turn violated the Due Process Clause under the Constitution and Fed. R. Crim. P. 11(b)(G).

Mr. Harris pleaded guilty to violating 18 U.S.C. § 922(g) long before *Rehaif* was decided. Unsurprisingly, no one involved in the proceedings correctly understood the elements of the offense to which he pled. He was never told during the plea proceedings—either in his plea agreement or at the change of plea hearing—that the crime required proof that he knew he had been convicted of a crime punishable by more than one year when he possessed the weapon. *See* Dkt. 24; *Exhibit 1* (plea agreement).[1] Because Mr. Harris was not advised of the true nature of the charge, his guilty plea is "constitutionally invalid" and cannot stand. *Bousley v. United States*, 523 U.S. 614, 619 (1998).

*Bousley* addressed a situation very similar to Mr. Harris's. In an earlier case, the Supreme Court had narrowed the scope of a federal criminal statute, and Mr. Bousley later filed a section 2255 motion seeking to undo his guilty plea to violating the newly construed provision on the grounds that he had been misinformed of the offense's elements. *Id.* at 616-17. The Court recognized that if Mr. Bousley's allegations proved true, his plea would be "constitutionally invalid." *Id.* at 619. That recognition was grounded in the principle that when pleading guilty, one must receive "real notice of the

---

[1] The transcript of Mr. Harris's change of plea hearing is being ordered and will be provided.

MOTION TO VACATE JUDGMENT
UNDER 28 U.S.C. § 2255
(*Michael Jared Harris v. USA*; CR17-055RSL) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

true nature of the charge against him." *Id.* at 618. This principle, as the Court recognized, is "the first and most universally recognized requirement of due process." *Id.*

Once the violation is established, relief is required. *Rehaif* error is structural and is not subject to harmless error analysis. *United States v. Gary*, 954 F.3d 194, 198 (4th Cir. 2020).

Even if *Rehaif* error is subject to harmless error analysis, the error is not harmless. *See Nair v. United States*, No. C19-1751JLR, 2020 WL 1515627, at *5 (W.D. Wash. Mar. 30, 2020) (citing *Henderson v. Morgan*, 426 U.S. 637, 646 (1976)) ("Harmlessness in a guilty plea case . . . focuses on whether the defendant was in fact informed of the missing element through some other means."). Because a guilty plea without notice of the true charges is constitutionally invalid, this type of error can be harmless only if there is record proof that a person was made aware of the missing element through other means or if the record otherwise contains an admission by the defendant to that element. *See Henderson v. Morgan*, 426 U.S. 637 (1976). In *Henderson*, the defendant was not advised of a mens rea element necessary to commit the charged offense. This rendered the plea invalid despite the fact, assumed by the Court, that the "prosecutor had overwhelming evidence" of the omitted element. *Id.* at 644. The only thing that could have saved the plea was "a substitute for" the person's voluntary admission to the element—a stipulation to the element, evidence that the element was otherwise "explain[ed] to" them, or a statement by them "necessarily implying that he had [the requisite] intent." *Id.* at 646. Because the record contained no substitute of this kind, his guilty plea could not survive. *Id.*; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 85 n.10 (2004) (considering similar but distinct issue of Rule 11 violations as opposed to "the constitutional question whether a defendant's guilty plea was knowing and voluntary").
MOTION TO VACATE JUDGMENT
UNDER 28 U.S.C. § 2255
(*Michael Jared Harris v. USA*; CR17-055RSL) - 6

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

### C. Mr. Harris's claim is cognizable under 28 U.S.C. § 2255(a).

Mr. Harris's claim is cognizable under 28 U.S.C. § 2255(a) because his guilty plea is unconstitutional and violates the laws of the United States.

### D. *Rehaif* is retroactively applicable to Mr. Harris's case.

Finally, *Rehaif* is retroactively applicable here. Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." *Welch v. United States*, __ U.S.__, 136 S. Ct. 1257, 1264 (2016). A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." *Id.* at 1264-65 (citation omitted). "This includes decisions that narrow the scope of a criminal statute by interpreting its terms." *Id.* at 1265 (citation omitted).

*Rehaif* is exactly such a decision. Before *Rehaif*, the lower courts had expansively interpreted 18 U.S.C. § 922(g) to punish the possession of firearms by individuals who fell within a prohibited class, even if they did not know that they fell within the class at the time they possessed the firearms. But *Rehaif* narrowed the scope of 18 U.S.C. § 922(g) by interpreting it to require knowledge of one's prohibited status at the time a firearm is possessed. In so doing, the Court altered the range of conduct and class of persons punishable under 18 U.S.C. § 922(g). Therefore, *Rehaif* announced a substantive rule that is retroactive.

The Supreme Court's decision in *Bousley*, 523 U.S. at 620-21, reinforces that *Rehaif* is retroactive. In *Bousley*, *id.*, the Supreme Court held that its decision in *Bailey v. United States*, 516 U.S. 137 (1995), was substantive, and therefore retroactive. In *Bailey*, the Supreme Court construed 18 U.S.C. § 924(c)(1), which at the time only criminalized the "use" or "carr[ying]" of a firearm during and in relation to a crime of violence. Previously, some lower courts had interpreted the "use" language in the provision to require only accessibility and proximity to the firearm, not active

MOTION TO VACATE JUDGMENT
UNDER 28 U.S.C. § 2255
(*Michael Jared Harris v. USA*; CR17-055RSL) - 7

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

employment of the firearm. But in *Bailey*, the Supreme Court held that "active employment" of the firearm was required under 18 U.S.C. § 924(c)(1). 516 U.S. at 144. In *Bousley*, the Supreme Court ruled that *Bailey* announced a substantive (and therefore retroactive) rule because it narrowed the scope of 18 U.S.C. § 924(c) by holding that the statute "does not reach certain conduct"—i.e., the non-active use of a firearm. *Bousley*, 523 U.S. at 620. Likewise, *Rehaif* announced a substantive (and therefore retroactive) rule because it narrowed the scope of 18 U.S.C. § 922(g) by holding that the statute does not reach certain conduct—i.e., the possession of a firearm by a defendant who, at the time, had no knowledge of their prohibited status.

### IV. Ground Two: Mr. Harris Is Actually Innocent of the 18 U.S.C. § 922(g)(1) Offense.

Mr. Harris is actually innocent of the 18 U.S.C. § 922(g)(1) offense because he lacks a predicate felony supporting it. He has no prior convictions of "a crime punishable by imprisonment for a term exceeding one year[.]" 18 U.S.C. § 922(g)(1).

Mr. Harris does have prior convictions—all of which are from Washington State, which has a mandatory sentencing guideline scheme. The Ninth Circuit examined Washington's mandatory guideline regime in *United States v. Valencia-Mendoza*, and held that the actual maximum punishable term is the maximum under the mandatory guidelines. 912 F.3d 1215, 1216 (9th Cir. 2019). Following *Valencia-Mendoza*, a Washington offense is only "punishable by imprisonment for a term exceeding one year" if the mandatory guideline range exceeds one year. *Id.*

Mr. Harris has no such conviction. As outlined in the PSR, Mr. Harris has two Superior Court[2] convictions. *Appendix I* (PSR ¶¶ 24-32); *see also Exhibit 2* (Washington Judgment & Sentence Forms). Those convictions are:

---

[2] District and Municipal Court cases are not outlined herein because they involve only misdemeanor offenses. The maximum statutory punishment for misdemeanor offenses in Washington State is 364 days. Rev. Code Wash. §§ 9.92.020 and 9.92.030.

MOTION TO VACATE JUDGMENT
UNDER 28 U.S.C. § 2255
(*Michael Jared Harris v. USA*; CR17-055RSL) - 8

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

| PSR | Court & Case No. | Conviction Offense | Standard Sentencing Range | Custodial Sentence Imposed |
|---|---|---|---|---|
| ¶25 | Kitsap County Superior Court: 01-1-00544-6 | Possession of Marijuana with Intent to Manufacture or Deliver | 1-3 months | 45 days |
| ¶27 | King County Superior Court: 10-1-03819-8 | Conspiracy to Deliver Heroin | 0-12 months | 60 days |

As the above table demonstrates, Mr. Harris had never previously been convicted of a crime punishable by a term exceeding one year. *See Valencia-Mendoza*, *supra*. He was, therefore, actually innocent of the 18 U.S.C. § 922(g)(1) offense. *See Nair v. United States,* No. C19-1751JLR, 2020 WL 1515627, at *3 (W.D. Wash. Mar. 30, 2020) (accepting government concession that Nair was actually innocent for the purposes of analyzing a procedural defense); *see also*, *id.* at *5; *United States v. McAdory*, 935 F.3d 838, 840 (9th Cir. 2019); *Valencia-Mendoza*, *supra*.

## V. Conclusion

Mr. Harris respectfully requests that this Court grant his motion. Not only did he not know and was not advised that he belonged to the prohibited class as *Rehaif* requires, but he in fact lacked the requisite status under federal law and is actually innocent. Either provides an independent basis to grant his motion. Mr. Harris's due process claim and freestanding actual innocence claim require that his conviction be vacated, and that his sentence, including his term of supervised release, be vacated.

Dated this 18th day of June 2020.

Respectfully submitted,

s/ *Vanessa Pai-Thompson*
Vanessa Pai-Thompson
Assistant Federal Public Defender
Attorney for Michael Jared Harris

MOTION TO VACATE JUDGMENT
UNDER 28 U.S.C. § 2255
(*Michael Jared Harris v. USA*; CR17-055RSL) - 9

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100